UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Anita Bartholomew and Monique Leggs-Gaynor; | ) | C/A No.  6:08-0780-MBS-WMC |
| | ) | |
| Martin L. Grass, d/b/a Rite Aid Corporation; | ) | C/A No.  6:08-0781-MBS-WMC |
| | ) | |
| Margaret G. Zackowitz and Victoria Pope; | ) | C/A No.  6:08-0782-MBS-WMC |
| | ) | |
| Parmalat Spa, d/b/a Parmalat Finanziaria Spa; | ) | C/A No.  6:08-0783-MBS-WMC |
| | ) | |
| David Garrard and Reggie Hayward; | ) | C/A No.  6:08-0784-MBS-WMC |
| | ) | |
| Brian Urlacher and Devin Hester; | ) | C/A No.  6:08-0785-MBS-WMC |
| | ) | |
| Dwight Freeney and Joseph Addai; | ) | C/A No.  6:08-0786-MBS-WMC |
| | ) | |
| Phoebe St. John and Nicole Premuto; | ) | C/A No.  6:08-0787-MBS-WMC |
| | ) | |
| Bertram Wyatt-Brown and Walter Reich; | ) | C/A No.  6:08-0788-MBS-WMC |
| | ) | |
| Avril Lavigne and Deryck Whibley; | ) | C/A No.  6:08-0789-MBS-WMC |
| | ) | |
| Samuel Israel, III, d/b/a Bayou Group LLC; | ) | C/A No.  6:08-0790-MBS-WMC |
| | ) | |
| Calum Macleod and Jeffrey Stinson; | ) | C/A No.  6:08-0791-MBS-WMC |
| | ) | |
| Orlando Joseph Jett, d/b/a Kidder, Peabody & Co., Inc.; | ) | C/A No.  6:08-0793-MBS-WMC |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg

proceeding *pro se*.[1]  Plaintiff filed the thirteen (13) civil actions listed above as "class action"

_____

[1] Since December, 2007, Plaintiff has filed one hundred and eighty (180) cases, including the present action, with this Court.  Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

suits against a variety of defendants.   The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a review has been made of the *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).   A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

_____

[2] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam).* Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff filed a motion in these cases to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied and these complaints should be dismissed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), which bars an inmate from proceeding *in forma pauperis* unless he alleges facts to support a claim of imminent danger. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[3] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee for each case. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

---

[3] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

4

In order to  invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger."  *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").  *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger).

In light of the Plaintiff's prior "strikes," he cannot proceed *in forma pauperis* in these cases unless his claims satisfy the exception for imminent physical harm provided by the "three strikes" rule.  *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).  Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term"imminent danger" in all but one of the above captioned complaints.[4]  Plaintiff's claims are as follows:

1. ***Riches v. Anita Bartholomew and Monique Leggs-Gaynor*, C/A No. 6:08-0780-MBS-WMC**.

In this action, Plaintiff claims he faces  "imminent danger by Bartholomew and Gaynor since 6-11-07.  On 1-3-08, Defendants violated Plaintiffs civil rights with a hate crime. Plaintiffs seek a preliminary Injunction/Temporary Restraining order."

---

[4] Case Action Number (C/A No.) 6:08-782-MBS-WMC does not allege imminent danger, but does allege that Defendants have been threatening the Plaintiff.

2.    ***Riches v. Martin L. Grass, d/b/a Rite Aid Corporation***, **C/A No. 6:08-0781-MBS-WMC**.

Plaintiff states, "Plaintiffs face imminent danger.  Grass is threatening Plaintiffs and violating Plaintiff's due process rights on 10-20-07.  Plaintiffs 1st Amendment rights were violated on 12-7-07.  Plaintiffs seek a Temporary Restraining order and preliminary Injunction."

3.    ***Riches v. Margaret G. Zackowitz and Victoria Pope***, **C/A No. 6:08-0782-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs are violating the Constitution.  The Constitution is suppose to protect Plaintiffs, but defendants are committing torture, treason, and threatening Plaintiffs since 9-22-07.  Defendants are violating Plaintiffs civil rights.  Plaintiffs seek a Preliminary Injunction/Temporary Restraining order."

4.    ***Riches v. Parmalat Spa, d/b/a Parmalat Finanziaria Spa***, **C/A No. 6:08-0783-MBS-WMC**.

Plaintiff states, "Parmalat is violating Plaintiffs civil rights on 12-20-07.  Plaintiffs are in imminent danger and are subjected to torture from Defendants.  Defendants 6th/8th amendment rights are violated by Defendants.  Plaintiffs seek a Preliminary Injunction TRO against Parmalat."

5.    ***Riches v. David Garrard and Reggie Hayward***, **C/A No. 6:08-0784-MBS-WMC**.

Plaintiff claims, "Plaintiffs seek a restraining order against defendants in this class action suit.  On 12-10-07, Plaintiffs civil rights were violated by Defendants.  Defendants are threatening Plaintiffs.   On 12-01-07 Plaintiffs 6th amendment rights are violated by Defendants.  Plaintiffs now face imminent danger."

6.    ***Riches v. Brian Urlacher and Devin Hester*, C/A No. 6:08-0785-MBS-WMC**.

Plaintiff states, "Plaintiff's 6th amendment rights under Booker and Fan Fan have been violated since Feb 25th, 2003.  Plaintiffs are currently suffering 8th amendment rights violations for cruel and unusual punishment.  Defendants violated plaintiffs due process rights on 12-21-07.  Plaintiffs are in imminent danger and seek a restraining order."

7.    ***Riches v. Dwight Freeney and Joseph Addai*, C/A No. 6:08-0786-MBS-WMC**.

Plaintiff claims, "Plaintiffs file a class action suit.  Plaintiffs seek a restraining order against defendants.  1-4-08, Defendants threatened plaintiffs.  Plaintiffs civil rights were violated 12-24-07 by defendants.  Plaintiffs seek a restraining order, because Plaintiffs are in imminent danger."

8.    ***Riches v. Phoebe St. John and Nicole Premuto*, C/A No. 6:08-0787-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs face imminent danger from St. John and Premuto and seek a Preliminary Injunction/TRO.  Riches is suffering prison abuses and Scaggs is getting threatened with Riches.  Plaintiffs due process is violated by Defendants.  Plaintiffs have been recieving [sic] threats."

9.    ***Riches v. Bertram Wyatt-Brown and Walter Reich*, C/A No. 6:08-0788-MBS-WMC**.

Plaintiff claims, "Plaintiffs civil and constitutional rights are being violated by defendant's.  On 9-11-07, Defendants threatened Plaintiffs with bodily harm.  Plaintiffs due process to the courts is violated.  Defendants are in violation of the trading with Enemy Act.  Plaintiffs face imminent danger.  Seeking a preliminary Injunction/TRO."

10.    ***Riches v. Avril Lavigne and Deryck Whibley*, C/A No. 6:08-0789-MBS-WMC**.

Plaintiff states, "Plaintiffs civil rights and 6th amendment rights are violated by defendants.  Defendants are causing Prison overcrowding, loud noises.  Plaintiffs are

7

subjected to torture by defendants since 10-1-07. Plaintiffs are in imminent danger by defendants. Seek a preliminary Injunction Temporary Restraining order."

**11.    *Riches v. Samuel Israel, III, d/b/a Bayou Group, LLC*, C/A No. 6:08-0790-MBS-WMC**.

Plaintiff claims, "Plaintiffs bring this class action suit with all others similarly situated. Plaintiffs 14th amendment rights are violated by defendant. Israel is making threats on 1-9-08. Plaintiffs due process is violated to the courts. Plaintiffs face overcrowding. Plaintiffs are facing imminent danger from defendant. Plaintiff's seek a restraining order."

**12.    *Riches v. Calum Macleod and Jeffrey Stinson*, C/A No. 6:08-0791-MBS-WMC**.

Plaintiff states, "Plaintiffs 8th amendment rights under cruel and unusual punishment are violated by defendants since Feb 2007. Plaintiffs face imminent danger from defendants. On 12-8-07, Defendants violated Plaintiffs due process and civil rights. Plaintiffs seek a restraining order against Macleod and Stinson."

**13.    *Riches v. Orlando Joseph Jett, d/b/a Kidder, Peabody & Co., Inc.*, C/A No. 6:08-0793-MBS-WMC**.

Plaintiff claims, "Plaintiffs face imminent danger from Jett. On 1-2-08, Jett made threats of bodily harm. This is a class action suit. Plaintiff's due process rights are violated. Plaintiff's 14th amendment rights are violated by Jett on 12-10-07. Plaintiffs seek a preliminary Injunction and TRO."

Although Plaintiff uses the term "imminent danger" in most of the above complaints, the pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiffs vague assertions regarding, "torture", "abuse", and the receipt of threats from many of the Defendants are

insufficient to raise a credible claim of imminent danger.  *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases.   The time calculation of this ten-day  period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

It is recommended that the District Court deny the Plaintiff's motion to proceed *in forma pauperis* in each of the above cases.   It is further recommended that, should Plaintiff fail to pay the filing fees as directed above, the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g).  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  The Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

March 21, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).